**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, individually and on behalf of all other similarly situated, | ) | |
| Plaintiff | ) | Case No. 4:23-cv-00022-SRC |
| v. | ) | |
| SSM HEALTH CARE CORPORATION, d/b/a SSM Health, | ) | Chief Judge Stephen R. Clark |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SSM HEALTH'S EMERGENCY MOTION FOR TEMPORARY STAY OF REMAND ORDER, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 62(A)**

**MAY IT PLEASE THE COURT:** Defendant SSM Health Care Corporation d/b/a/ SSM Health respectfully submits this Memorandum in Support of SSM Health's Emergency Motion for Temporary Stay of Remand Order Pursuant to Federal Rule of Civil Procedure 62(A).

Pursuant to the Removal Clarification Act of 2011, Congress provided for the right of appeal for cases removed under 28 U.S.C. § 1442(a)(1). *See* 28 U.S.C. § 1447(d) (providing that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or section 1443 shall be reviewable by appeal or otherwise").

As the Supreme Court has explained: "So before a civil rights case is returned to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order. In 2011, Congress added a similar exception for suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442. Here, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1546 (2021) (emphasis in original).

The Court's remand order is thus a judgment that is subject to the automatic temporary stay provisions of Rule 62(a). *See* Fed. R. Civ. Pro. 62(a) (providing that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise"); *id*. at 62(c) ("[s]tay of an injunction, receivership, or patent accounting order"); *id*. at 62(d) (injunction pending an appeal).

Numerous courts have made this holding with respect to federal officer removal appeals in particular. *West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."); *Northrop Grunman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) ("an order remanding a case which had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *Walker v. Arbor Mang't Servs., LLC*, 2022 WL 1877384, at *13 (N.D. Ga. Nov. 17, 2022) (same; "the Court **STAYS** the remand order for **30-days** to allow Defendants to exercise their right to appeal") (emphasis in original); *Tennessee ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018) (same; "Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a 'judgment' is defined as 'any order from which an appeal lies,' it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of thee Federal Rules of Civil Procedure"); *compare Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (same for remand order under 12 U.S.C. § 1819(b)(2)(C); "Once the FDIC appealed, a stay order should have been issued.").

This same procedure has been followed in removal cases brought under nearly identical facts to plaintiff's petition here. (*See* attached Ex. A, *Horton v. Willis-Knighton Medical Center*, Case No. 23-cv-314, Dkt. #44, 45 (W.D. La.) (staying remand order for 30 days under Rule 62(a) and sending notice to state court of same; "After consideration of Defendant Willis-Knighton Medical Center's Emergency Motion for Temporary Stay of Remand Order Pursuant to Federal Rules of Civil Procedure 62(a), **IT IS HEREBY ORDERED** that the Motion for Stay is **GRANTED**."); *see also* attached Ex. B, *Martin v. LCMC Health Holdings, Inc., et al.,* Case No. 23-cv-411, Dkt. #41 (E.D. La.) (entering automatic temporary stay of remand order under Rule 62(a)); attached Ex. C, *Jonathan Mohr v. The Trustees of the University of Pennsylvania*, Case No. 23-cv-731, Dkt. # 19 (E.D. Pa.) (same; "the Clerk's Office is hereby **ORDERED** that the Order of Remand (ECF No. 17), which is appealable pursuant to 28 U.S.C. § 1447(d), is stayed for 30 days pursuant to Federal Rule of Civil Procedure 62").)

For the foregoing reasons, SSM Health respectfully requests that the Court enter the 30-day automatic stay of the Court's remand order under Rule 62(a), and recall any letter sending the case back to the Circuit Court for the City of St. Louis. SSM Health is reviewing the Court's remand order and moving expeditiously to analyze its appellate options in the interim.

Dated: August 22, 2023

Respectfully Submitted,

*/s/ David A. Carney*

John D. Comerford
Adam J. Simon
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: 318.227.2270
Email: jcomerford@dowdbennett.com
asimon@dowdbennett.com

Paul G. Karlsgodt
(A*dmitted to practice in ED Mo; Col # 29004*)
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Email: pkarlsgodt @ bakerlaw.com

David A. Carney
(A*dmitted to practice in ED MO; Ohio # 79824)*
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Email: dcarney@bakerlaw.com

*Attorneys for Defendant*
*SSM Health Care Corporation*
*d/b/a SSM Health*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 22, 2023, a true and correct copy of the foregoing *Memorandum in Support of Emergency Motion for Temporary Stay* was served on counsel of record via the Court's electronic filing system.

*/s/ David A. Carney*
*Counsel for Defendant*
*SSM Health Care Corporation*
*d/b/a SSM Health*