**United States Court of Appeals**
***For The Eighth Circuit***
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Maureen W. Gornik**
***Acting Clerk of Court***

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

January 24, 2025

David Alan Carney
BAKER & HOSTETLER
Key Tower, Suite 2000
127 Public Square
Cleveland, OH 44114-1214

RE: 23-3138 John Doe v. SSM Health Care Corporation

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Maureen W. Gornik
Acting Clerk of Court

MTB

Enclosure(s)

cc: Emily Merritt Adler
Raina Borrell
Honorable Stephen R. Clark
Clerk, U.S. District Court, Eastern District of Missouri
John D. Comerford
Barbara DePena
Colleen Garvey
John F Garvey Jr.
Foster Calhoun Johnson
Paul G Karlsgodt
Kyle Andrew Poelker

Adam Joseph Simon
Samuel J. Strauss
Ellen Thomas
David Warden

District Court/Agency Case Number(s): 4:23-cv-00022-SRC

**United States Court of Appeals**
***For The Eighth Circuit***
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Maureen W. Gornik**
***Acting Clerk of Court***

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

January 24, 2025

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 23-3138 John Doe v. SSM Health Care Corporation

Dear Sir or Madam:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant and appeared on the brief was David Alan Carney, of Cleveland, OH. The following attorney(s) appeared on the appellant brief; John D. Comerford, of Saint Louis, MO., Paul G Karlsgodt, of Denver, CO., Adam Joseph Simon, of Saint Louis, MO.

Counsel who presented argument on behalf of the appellee was Emily Merritt Adler, of Houston, TX. The following attorney(s) appeared on the appellee brief; John F Garvey, Jr., of Saint Louis, MO., Colleen Garvey, of Saint Louis, MO., Samuel J. Strauss, of Madison, WI., Raina C. Borrell, of Madison, WI., Barbara DePena, of Houston, TX., Foster C. Johnson, of Houston, TX., David Warden, of Houston, TX., and Kyle Poelker, of Houston, TX.

The judge who heard the case in the district court was Honorable Stephen R. Clark.

If you have any questions concerning this case, please call this office.

Maureen W. Gornik
Acting Clerk of Court

MTB

Enclosure(s)

cc: MO Lawyers Weekly

District Court/Agency Case Number(s): 4:23-cv-00022-SRC

# United States Court of Appeals
## For the Eighth Circuit

No. 23-3138

John Doe, Individually and on behalf of himself and all others similarly situated

*Plaintiff - Appellee*

v.

SSM Health Care Corporation, doing business as SSM Health

*Defendant - Appellant*

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

Submitted: November 20, 2024
Filed: January 24, 2025

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

SHEPHERD, Circuit Judge.

Plaintiff John Doe brought this putative class action against SSM Health Care Corporation (SSM) in Missouri state court, claiming that SSM shared private health information with third-party marketing services in violation of Missouri law. SSM removed the case to federal court, invoking the federal officer removal statute and

the Class Action Fairness Act (CAFA). The district court[1] rejected both bases for removal and remanded the case to Missouri state court. SSM now appeals the remand order, and we affirm.

I.

SSM is one of the largest healthcare providers in Missouri, owning and managing several facilities across the state. In addition to its physical locations, SSM also maintains its MyChart patient portal, an online access point for patients to access their medical records, schedule appointments, and communicate directly with their healthcare providers. According to the complaint, the MyChart portal is secretly embedded with a "Meta Pixel" tool, which transmits personal health data to third-party websites, like Facebook. Based on SSM's alleged unauthorized transmission of personal data, Doe brought this putative class action in Missouri state court on behalf of himself and a proposed class of Missouri citizens. He alleged nine state law claims against SSM, including violations of the Missouri Wiretap Statute, see Mo. Rev. Stat. § 542.402(1), the Computer Tampering Act, see Mo. Rev. Stat. § 569.095, and several breach of contract claims.

SSM removed the action to federal court, and Doe moved to remand to state court. SSM argued that removal was proper based on (1) federal officer removal jurisdiction, see 28 U.S.C. § 1442(a)(1), and (2) the Class Action Fairness Act, see 28 U.S.C. § 1332(d). In SSM's view, all of Plaintiffs' allegations are based on SSM "acting under" the directives of the National Coordinator of Health Information and participating in the Meaningful Use Program (MUP). See 42 U.S.C §§ 300jj-11(a)-(b), 1395w-4(o). Under the MUP, healthcare providers like SSM received federal incentive payments in exchange for developing and maintaining online patient portals to promote accessibility to healthcare records. 42 U.S.C. § 1395w-4(o). Thus, by creating MyChart and complying with the MUP, SSM was "acting under"

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

a federal officer and able to remove. SSM also argued that Doe's proposed putative class was not limited to only Missouri citizens, creating minimal diversity sufficient to remove under CAFA. The district court rejected both arguments by SSM, holding that SSM was not "acting under" a federal officer for purposes of federal officer removal jurisdiction and that Doe's proposed class was limited to only Missouri citizens, destroying the minimal diversity necessary to remove under CAFA. SSM now appeals.

II.

"We review a district court's grant of a motion to remand—and related questions of statutory interpretation—de novo." Buljic v. Tyson Foods, Inc., 22 F.4th 730, 738 (8th Cir. 2021).

A.

SSM's first argues that it may remove pursuant to 28 U.S.C. § 1442(a)(1), which "provides the federal government, federal agencies, federal officers, and persons 'acting under' federal officers the right to remove from state court to federal court certain civil actions and criminal prosecutions brought against them." Doe v. BJC Health Sys., 89 F.4th 1037, 1041 (8th Cir. 2023). Because SSM is not a federal officer or agency, it has the burden to make a "'threshold showing' that (1) it is a 'person' under the statute, (2) it 'acted under the direction of a federal officer,' (3) a 'causal connection' exists between its complained-of conduct and official federal authority, and (4) it has a 'colorable federal defense' to the claim or claims against it" to effectuate federal officer removal. Id. (citations omitted). One day before SSM's Reply Brief was due, this Court decided Doe v. BJC Health System, in which a putative class sued BJC for similar violations of Missouri law as those alleged here—namely, that BJC, via its online patient portal also named MyChart, shared protected health information "with third-party services, . . . which used the information for targeted online advertising." Id. at 1041. Because "[t]he design of private websites is not—and has never been—a basic *governmental* task," this Court

affirmed the grant of the motion to remand to state court. Id. at 1045. Subsequent decisions have held the same. See, e.g., Doe v. Mosaic Health System, No. 23-2816, 2024 WL 2239301, at *2 (8th Cir. May 17, 2024) (per curiam) (holding that a private entity does not "act under" a federal officer merely by "creating [] websites and accepting federal incentives"). So, too, is the case here. SSM "'made a private website and received a federal subsidy,'" which "is 'insufficient' for removal under 28 U.S.C § 1442(a)(1)." Id. (quoting BJC Health, 89 F.4th at 1047).

SSM attempts to distinguish BJC Health, arguing that Plaintiffs' allegation of a violation of the Missouri Wiretap Act mandates a different analysis. See Mo. Rev. Stat. § 542.402(1). But "[t]his distinction does not warrant a different result." Mosaic Health, 2024 WL 2239301, at *2. Whatever the claim, SSM failed to demonstrate that its MyChart patient portal was "operated on the federal government's behalf or for the federal government's benefit," or that "the federal government directed [SSM] to create or operate" the website. BJC Health, 89 F.4th at 1045. It is this failure that foils SSM's argument, as the "acting under" requirement is not attached to a specific claim—the focus is on SSM's relationship with the federal government which, aside from the incentive payments, is nonexistent. See Watson v. Philip Morris Cos., 551 U.S. 142, 151 (2007) ("The relevant relationship is that of a private person '*acting under*' a federal 'officer' or 'agency.' . . . That relationship typically involves 'subjection, guidance, or control.'" (citations omitted)). Thus, SSM may not remove under 28 U.S.C. § 1442(a)(1).[2]

B.

SSM next argues that this Court has jurisdiction under CAFA. See 28 U.S.C. § 1332(d). "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties . . . ; and there are at

[2]Because SSM cannot satisfy the "acting under" element of federal officer removal, "we need not address the remaining elements of the statute" as all elements must be present to remove to federal court. Buljic, 22 F.4th at 742.

least 100 members in the class." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). While "no antiremoval presumption attends cases invoking CAFA," SSM still has the burden to establish federal jurisdiction as the party seeking removal. See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014); see also Westerfeld, 621 F.3d at 822 ("[T]he party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction.").

SSM argues that Doe's putative class, as defined in the complaint, includes non-Missouri citizens, thereby creating minimal diversity under CAFA. The proposed class reads:

> During the fullest period allowed by law, all Missouri citizens who are, or were, patients of SSM Health Care Corporation, or any of its affiliates and who exchanged communications at Defendant's websites, including www.ssmhealth.com and any other SSM Health Care Corporation affiliated website that caused disclosures of patient personally identifiable information and communications to third parties, including (but not limited to) Facebook.

Beginning with the text, "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 69 (2012). Relevant here, the term "citizen" is a legal term of art, and an individual "may . . . be a citizen of[] only one state." Reece v. Bank of N.Y. Mellon, 760 F.3d 771, 778 (8th Cir. 2014). Additionally, citizenship is "determined . . . as of the date of the filing of the complaint." 28 U.S.C. § 1332(d)(7). We agree with the district court that the ordinary meaning of "all Missouri citizens" excludes individuals who are *not* Missouri citizens at the time of filing, as the word "citizens" is an unambiguous, legal term of art. Therefore, Doe has unambiguously confined his putative class to individuals who were citizens of Missouri at the time of filing. Because SSM is also a citizen of Missouri, there is no diversity between a single

class member and the defendant, and CAFA does not authorize removal. See 28 U.S.C. § 1332(d)(2)(A) (conferring original jurisdiction over class actions only in which "any member of a class . . . is a citizen of a State different from any defendant").

SSM argues that the nearest-reasonable-referent canon compels a different result, but we disagree. The nearest-reasonable-referent canon states that "[w]hen the syntax involves something other than a parallel series of nouns or verbs, a prepositive or postpositive modifier normally applies only to the nearest reasonable referent." Scalia & Garner, Reading Law 152. SSM asserts that the opening durational clause of "[d]uring the fullest period allowed by law" modifies the word "citizens," which expands the class to include former Missouri citizens affected by SSM. But the nearest *reasonable* referent to that phrase is not the word "citizen;" it is SSM's conduct. As stated by the district court, "[d]uring the fullest period allowed by law" more reasonably refers to "when the interactions between SSM and the class members occurred." This interpretation is supported by the surrounding context in which the proposed class appears. Cf. Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co., 686 F.3d 567, 573 (8th Cir. 2012) (explaining that statutory interpretation requires "read[ing] and constru[ing] the statute as a whole, . . . interpret[ing] each section in light of the surrounding sections" (fourth alteration in original) (citation omitted)). The preceding section of the complaint explained that "the applicable statutes of limitation have been tolled" because of SSM's alleged conduct. As the district court held, the durational clause "serves a clear purpose: whatever the result of Doe and SSM's dispute over the appropriate statute of limitations, Doe's class includes only claimants with unbarred claims." Thus, the most reasonable interpretation of Doe's proposed class includes only citizens of Missouri at the time the complaint was filed, and the district court properly remanded the case to state court.

III.

For the foregoing reasons, we affirm the judgment of the district court.

______________________________